IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHONDRA LEE MCILVENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3481-CV-S-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Shondra Lee McIlvene seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq*. Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g).

Plaintiff alleges she became disabled as of September 26, 2004. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are

1

supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for benefits, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. 404.1520(a)-(f) and 416.920(a).

At Plaintiff's hearing, the administrative law judge ("ALJ") found that Plaintiff suffers from the following severe impairments: fibromyalgia, lumbar spine spondylosis, sacroiliac joint arthritis, migraine headaches, insomnia, affective mood disorder, adjustment disorder, and

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

anxiety disorder. The ALJ then determined that these disorders do not meet the requirements of any of the impairments listed in 20 C.F.R., pt. 404, subpt. P, App. 1. Accordingly, the ALJ found Plaintiff not disabled and determined that she had the residual functional capacity ("RFC") to perform a range of light work with some restrictions, including alternating between standing and sitting every 30 minutes and performing only simple, repetitive work involving no contact with the public and minimal contact with supervisors and co-workers. R. at 13.

Plaintiff argues: (1) the ALJ's decision is not supported by substantial evidence of record because the ALJ failed to fully consider the medical evidence and Plaintiff's credibility; and (2) the ALJ improperly concluded that Plaintiff could perform jobs existing in significant number in the national economy based upon an erroneous application of the Medical Vocational Rules.

**A. The ALJ Fully Considered All the Medical Evidence and Properly Assessed Plaintiff's Credibility.**

Plaintiff argues that the ALJ failed to fully and fairly consider the medical records that "prove" her disability by minimizing Plaintiff's medical conditions, including her frequent migraine headaches, insomnia, body pain, and fatigue. In particular, Plaintiff alleges that the ALJ completely disregarded Plaintiff's subjective complaints of fatigue—one of the main symptoms of fibromyalgia—and omitted medical references to Plaintiff's fatigue. R. at 284. In addition, Plaintiff argues that the ALJ improperly discounted her personal testimony, unreasonably determining that she could maintain employability despite Plaintiff's complaints of disabling pain.

After carefully reviewing the entire record, the Court finds nothing to support Plaintiff's allegations that the ALJ failed to fully consider the medical record or improperly assessed her credibility.

With regard to the ALJ's consideration of the medical evidence, the ALJ relied substantially on the fact that no treating or examining physician noted any limitations in Plaintiff's activities that were consistent with Plaintiff's allegations of disability. R. at 15. In fact, the ALJ found no evidence that Plaintiff's physicians placed any restrictions on her activities during the relevant period. *See Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir. 1996). Although Plaintiff alleges that her "medical records confirm the need to lie down," the ALJ noted that nothing in the record indicated that any medical provider had ever advised her to recline during the day. One physician advised just the opposite, recommending that Plaintiff increase her physical activity to alleviate the pain. R. at 319, 330.

Likewise, the ALJ properly evaluated Plaintiff's credibility in light of the entire record including medical evidence and third-party testimony. When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984)). Credibility is generally for the ALJ to determine, and the courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch,* 547 F.3d at 935. In determining that Plaintiff's allegations were not entirely credible, the ALJ relied on the lack of objective medical evidence supporting Plaintiff's position and Plaintiff's non-compliance with treatment plans and physician recommendations.

Plaintiff alleges that the ALJ failed to consider the testimony of her husband and daughter. However, the ALJ did consider the third-party testimony of Plaintiff's husband and daughter and rejected such testimony because it did not establish any medical limitations.

4

Although the testimony indicated that Plaintiff spent the majority of the day in bed, the testimony did not indicate why she needed to do so.

Plaintiff also alleges that the ALJ gave insufficient consideration to her own reports of disability. However, the ALJ properly found these reports unreliable. The ALJ found little medical support for Plaintiff's allegations of debilitating migraines of "uncountable frequency." First, the ALJ observed that there were no clinical findings supporting Plaintiff's claims of debilitating migraines. R. at 14. Rather, Plaintiff's treatment records indicated that she had normal memory, attention span, concentration, and no migraine symptoms such as dizziness or sensory changes. R. at 424, 426, 514. Next, the ALJ found that Plaintiff's assertion regarding the frequency of her migraines was unsupported by the medical evidence. During the relevant period, Plaintiff's complaints of migraines to her medical providers were sporadic, not constant, as her testimony indicated. Finally, medical evidence established that Plaintiff enjoyed significant pain relief from migraine medications. Taken together, these findings support the ALJ's conclusion that Plaintiff's migraines were neither as debilitating nor as constant as Plaintiff alleged.

With regard to her complaint of fibromyalgia, the ALJ concluded that Plaintiff did not experience disabling symptoms; those symptoms she did experience were controlled with medication on multiple occasions. R. at 14-15. The ALJ also noted the absence of fibromyalgia symptoms including chronic, severe, musculoskeletal pain, muscle weakness, inflammation, loss of sensation, and gait disturbance. R. at 14-15. As noted by the government, the question in disability cases is not determining whether the claimant is experiencing pain but determining the severity of the pain. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). Here, the ALJ properly

5

concluded that Plaintiff's allegations of severe pain were not sufficient to warrant a finding of disability.

The ALJ also considered Plaintiff's non-compliance with her rheumatologist's recommendation that Plaintiff participate in water-based aerobic exercises and adopt relaxation techniques such as biofeedback and yoga. Because failure to follow the prescribed course of treatment in the absence of a good reason for doing so is inconsistent with complaints of a disabling condition, the ALJ properly took this into account in discounting Plaintiff's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

Accordingly, the ALJ thoroughly considered the medical evidence, third-party testimony, and Plaintiff's own testimony and evaluated the inconsistencies between them, properly articulating her reason for partially discrediting Plaintiff's testimony and determining that Plaintiff does not qualify as having a disability.

### B. Substantial Evidence Exists Supporting the ALJ's Determination that Plaintiff Can Perform Jobs Existing in Significant Number in the National Economy.

Based upon the vocational expert's ("VE") testimony, the ALJ determined that even though Plaintiff could not perform her past relevant work, she could perform light work that exists in significant numbers in the national economy. R. at 17, 54.

Plaintiff argues that the ALJ's decision is based on an incorrect statement of Plaintiff's age and, therefore, an improper application of the Medical Vocational Rules found in Appendix 2, Table 2 of 20 C.F.R., pt. 404, subpt. P. R. at 16-17. In the ALJ's decision, she incorrectly noted that Plaintiff's age of 54 placed her in the category of "younger individual" rather than the category of "closely approaching advanced age." Plaintiff argues that this erroneous characterization led the ALJ to incorrectly apply the Medical Vocational Guidelines resulting in the inaccurate determination that Plaintiff is not disabled.

This error, however, was not prejudicial to Plaintiff.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).  First, as the government contends, the ALJ was not unaware of Plaintiff's age as she correctly cited Plaintiff's age in her hypothetical question to the VE.  R. at 52.  In addition, even had the ALJ accurately applied the correct Medical Vocational Rule, the result would have been the same—a finding of not disabled.  At the time in question, Plaintiff had a high school education and her age placed her in the category of "closely approaching advanced age."  Applying these criteria to Table 2 would result in application of Medical Vocational Rule 202.13, 202.14, or 202.15, depending on Plaintiff's level of transferrable skills.  20 C.F.R. pt. 404, subpt. P, App. 2, tbl. 2.  Applying any of these three rules, however, would yield a status of "not disabled."  Thus, the outcome would have been the same even if the ALJ had applied the correct rule.  Accordingly, this error did not prejudice Plaintiff, and remand of the case for a correct determination is unnecessary.

**Conclusion**

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record.  Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 19, 2011                             /s/ Greg Kays
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT